# Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| IN RE GERBER PRODUCTS COMPANY HEAVY METALS BABY FOOD LITIGATION | Master File No. 1:21-cv-0269 |
| *Keeter v. Gerber Products Company* | Case No. 1:21-cv-0269-LO-TCB |
| *Moore v. Gerber Products Company* | Case No. 1:21-cv-0277-LO-TCB |
| *Hazely, et al. v. Gerber Products Company* | Case No. 1:21-cv-0321-LO-TCB |
| *R. Bryan, et al. v. Gerber Products Company* | Case No. 1:21-cv-0349-LO-TCB |
| *Adams v. Gerber Products Company* | Case No. 1:21-cv-0410-LO-TCB |
| WILSON, *et al.*, Plaintiffs, v. GERBER PRODUCTS COMPANY, *et al.*, Defendants. | Case No. 1:21-cv-0372-LO-IDD |
| A. BRYAN, *et al.*, Plaintiffs, v. GERBER PRODUCTS COMPANY, Defendant. | Case No. 1:21-cv-0478-LO-TCB |
| CANTOR, *et al.*, Plaintiffs, v. GERBER PRODUCTS COMPANY, Defendant. | Case No. 1:21-cv-0489-LO-TCB |

## ORDER

This matter comes before the Court on Defendant Gerber Products Company's motions to transfer the above-captioned Actions to the District of New Jersey. *See In Re Gerber Products Company Heavy Metals Baby Food Litigation*, 1:21-cv-0269-LO-TCB (E.D. Va. May 21, 2021) (Dkt. 29); *Wilson, et al. v Gerber Products Company, et al.*, 1:21-cv-0372-LO-IDD (E.D. Va. May 21, 2021) (Dkt. 12); *A. Bryan, et al. v. Gerber Products Company*, 1:21-cv-0478-LO-TCB (E.D. Va. May 21, 2021) (Dkt. 19); *Cantor, et al. v. Gerber Products Company*, 1:21-cv-0489-LO-TCB (E.D. Va. May 21, 2021) (Dkt. 12). Currently pending in the District of New Jersey are similar Actions involving some of the same Parties, in which dueling motions to transfer to this District have been filed. *See, e.g.*, *Moore v. Gerber Products Company*, 2:21-cv-2516-CCC-MF (D.N.J. Mar. 10, 2021) (Dkt. 8).

To preserve resources, promote judicial economy, and streamline adjudication of this sprawling dispute, the Court will **HOLD IN ABEYANCE** the above-captioned Actions until Judge Cecchi has adjudicated the pending District of New Jersey transfer motions. Though neither party has motioned for a stay, the Court wields inherent power to enter one. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The Court may exercise this power *sua sponte* in the appropriate circumstances. *Crown Cent. Petroleum Corp. v. Dept. of Energy*, 102 F.R.D. 95, 98–99 (D. Md. 1984); *Rice v. Astrue*, 2010 WL 3607474 at *2 (D.S.C. Sept. 9, 2010) ("Although there has been no request to hold the instant motion in abeyance, a federal court has the inherent power to stay, *sua sponte*, an action before it."). The Parties are **DIRECTED** to notify the Court as soon as Judge Cecchi renders a decision, at which point the Court will lift the

stay and rule on the outstanding motions to transfer pending in this District.

The Court observes that there remain pending motions filed by Defendant in the above-captioned Actions "to reset deadlines and consolidate or, in the alternative, to extend Gerber's time to move, answer, or otherwise respond to the consolidated class action complaint and the *Wilson* complaint to align with Gerber's response deadlines in the related *Cantor* and *A. Bryan* actions." *See, e.g.*, *In Re Gerber Products Company Heavy Metals Baby Food Litigation*, 1:21-cv-0269-LO-TCB (E.D. Va. June 25, 2021) (Dkt. 25). These motions seek conditional relief based on the outcome of Gerber's now-stayed transfer motions. *See, e.g.*, *In Re Gerber Products Company Heavy Metals Baby Food Litigation*, 1:21-cv-0269-LO-TCB (E.D. Va. May 21, 2021) (Dkt. 43, at 3) ("[I]f the Court denies Gerber's pending Motion to Transfer Venue to the District of New Jersey . . . ."). As such, the Court will withhold any ruling on this proposed relief until it decides the transfer motions in the above-captioned cases. For now, Gerber's deadlines "to move, answer, or otherwise respond" to the complaints in the above-captioned Actions will be **SUSPENDED**. The court's transfer Order, when it issues, will provide further clarification on the reinstatement of Defendant's deadlines and any obligation on the part of Plaintiffs to consolidate their cases or identify lead counsel.

The clerk is **DIRECTED** to docket this Order in each of the above-captioned Actions.

It is **SO ORDERED**.

June 28, 2021  
Alexandria, Virginia

Liam O'Grady  
United States District Judge